UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br><br>of<br><br>INTERSTATE NAVIGATION COMPANY d/b/a BLOCK ISLAND FERRY AS OWNER AND OPERATOR OF THE P/V CAROL JEAN, O.N. 670131, HER ENGINES, TACKLE, APPAREL, ETC., FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 1:24-CV-00053-MSM-LDA |

ORDER

Mary S. McElroy, United States District Judge.

The petitioner, Interstate Navigation Company, filed a Complaint for Exoneration from and/or Limitation of Liability pursuant to the Limitation of Shipowner's Liability Act of 1851, 46 U.S.C. § 30501 *et seq.* ("Limitation Act"). Under the Limitation Act, the owner of a vessel may limit his or her liability to the value of the vessel and pending freight for "any loss, damage, or injury by collision ... done, occasioned, or incurred, without the privity or knowledge of the owner." 46 U.S.C. § 30523(b).[1] The procedural requirements for bringing such actions are found in the Fed. R. Civ. P. Supp. F for Admiralty or Maritime Claims. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001). The owner of a vessel must bring the action

---

[1] This section was formerly 46 U.S.C. § 30505 but was renumbered at the end of 2022.

1

in federal district court seeking exoneration from or limitation of liability "within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30529(a); *see also* Fed. R. Civ. P. Supp. F ("Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court…."). If the six-month period passes before a petition is filed, the petition must be dismissed as untimely. *See In re Complaint of Bella Sky, LLC*, 621 F. Supp. 3d 194, 196 (D. Mass. 2002) (citing *Exxon Shipping Co. v. Cailleteau*, 860 F.2d 843, 846 (5th Cir. 1989); *In re Morania Barge No. 190, Inc.*, 690 F.2d 32, 33 (2d Cir. 1982)).

The petitioner filed this action in relation to claims made arising from a large-scale violent altercation on the petitioner's vessel, a Block Island ferry, after a "Reggae Fest" occurring on Block Island on August 8, 2022. Following that incident numerous claimants have come forward alleging personal injuries. On August 8, 2023, ten plaintiffs filed suit in this Court and then amended the complaint on February 2, 2024, to add eight additional plaintiffs. *See Norvel Ferguson, et al. v. The Interstate Navigation Company d/b/a The Block Island Ferry, et al.*, C.A. No. 1:23-cv-00326-MSM-LDA.

Just short of six months after the filing of the *Ferguson* complaint, and five days after the filing of the amended complaint, the petitioner, on February 7, 2024, filed the instant Complaint seeking to limit its liability to the vessel's appraised value of $5.25 million. (ECF No. 1.) The petitioner accordingly moved for an Order Restraining Suits, Approving Petitioner's Appraiser's Report, Approving Petitioner's Ad Interim Stipulation for Value/Letter of Undertaking and Directing Issue of Notice

and the Filing of Claims. (ECF No. 2.) These filings, however, were unclear as to when the claimants first gave "written notice of a claim." Because the Court could not determine if the matter was timely filed, it denied the motion without prejudice to refiling with evidence of the timing of the written notice of the claim.

The petitioner refiled its motion (ECF No. 5) and revealed that it had received a letter from the *Ferguson* plaintiffs' counsel on August 19, 2022, about 18 months before filing the instant Complaint. In that letter, counsel identified nine clients and stated, in relevant part, the following:

> Please be advised that this office and attorney represent the above-named claimants in a claim for personal injuries sustained on your Block Island Ferry vessel on or about August 8, 2021. On that date, a massive physical altercation broke out at Ballard's Reggae Festival on Block Island and spilled over onto the docks and your vessel. My clients were innocent victims injured by unruly and intoxicated crowd of people who were allowed passage on your ferry back to Point Judith despite the obvious danger. Before the vessel left the dock, stabbings and gunshots took place on board. The ferry was wildly under-crewed by a crew that was unseaworthy and not properly trained. The vessel carried no security and the master of same made the grossly negligent decision to allow passage for these dangerous individuals and to depart Block Island, at all, before contacting the local, state and federal authorities. As a direct result, my clients who were peaceful and innocent bystanders (in some cases minor children) were trapped on your vessel with nowhere to go for the hour-long trip back to the mainland, witnessing this traumatic course of events and in some cases sustaining severe personal injuries, both physical and emotional for which they are now in ongoing medical treatment.
>
> This matter continues to be under investigation by my office, but this letter will serve to put you on notice to preserve any evidence ….
>
> The undersigned calls upon you to provide written verification of your insurance policy limits for any and all coverages which may apply to this matter, such as liability insurance for bodily injury, medical payments or the like. … Finally, please provide a copy of this letter to your insurer, so that the matter will be handled properly and ask that your insurer

> reach out to me directly. Failure to do so may result in a lawsuit being filed against you. Thank you for your prompt attention to this matter.

(ECF No. 5-1.)

The petitioner argues that this letter should not qualify as "written notice of a claim" under the Limitation Act sufficient to start the six-month limitations period. It does not argue that the letter is not a "notice of a claim" or that it is not "written," but that the letter did not render it "reasonably possible" that the total amount of the claim would exceed the value of the ship. This additional requirement, not explicit in the language § 30529 or in Rule F, has been applied by courts outside of the First Circuit. *See Martz v. Horazdovsky*, 33 F.4th 1157, 1164 (9th Cir. 2022) ("We hold that the phrase "written notice of a claim" imposes three requirements: the notice must (1) be in writing, (2) clearly state that the victim intends to bring a claim or claims against the owner, and (3) include at least one claim that is reasonably likely to be covered by the Limitation Act."); *Orion Marine Constr., Inc. v. Carroll*, 918 F.3d 1323, 1330-31 (11th Cir. 2019) (requiring a sufficient written notice of a claim to "reveal a 'reasonable possibility' that the claim will exceed the value of the offending vessel(s)"); *In re Complaint of RLB Contracting, Inc.*, 773 F.3d 596, 602 (5th Cir. 2014) (same), *overruled on other grounds by Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 790 (5th Cir. 2021); *In re Complaint of McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 829 (7th Cir. 1996) (same); *Doxsee Sea Clam Co. v. Brown*, 13 F.3d 550, 554 (2d Cir. 1994) (same).

The First Circuit has not had occasion to employ a similar test or to perhaps apply something less onerous for the claimant—such as the "*Morira* test," which

requires only that the writing "(1) demand a right or supposed right; (2) blame the vessel owner for any damage or loss; and (3) call upon the vessel owner for anything due to the claimant." *See Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1090 (5th Cir. 2005) (citing *Rodriguez Morira v. Lemay*, 659 F. Supp. 89, 91 (S.D. Fla. 1987)).

Here, however, even including the requirement that a claim notice reveal a "reasonable possibility" that the claim will exceed the value of the vessel, the Court finds that claim letter here meets that standard. The letter identified *nine* people, including minor children, who claimed emotional and physical injuries from a "massive physical altercation," and in some cases the claimed injuries were "severe" with "ongoing medical treatment." (ECF No. 5-1.) The petitioner's contention ultimately is that nine is not enough. Although the petitioner references the lack of specificity of the amount of damages in the claim letter, something quite typical at the early stage of a personal injury action, the *Ferguson* amended complaint, which the petitioner states sparked the need for this limitation action, is similarly unspecific. It was the increase in the number of plaintiffs to 18 on February 2, 2024, the petitioner claims, that then made it a "reasonably possibility" that the claim could exceed the vessel's value, making its limitation Complaint timely under the test it proposes. The Court finds, however, even when applying the more rigorous "reasonable possibility" test, that although the appraised value of the vessel is $5.25 million, nine people making a claim for serious injury made it reasonably possible that their claims could exceed that value.

Because the instant petition was filed more than six months after written notice of the claim, it does not comply with the requirements of the Limitation Act and Fed. R. Civ. P. Supp. F.  The Court therefore DENIES the petitioner's Motion (ECF No. 5) and DISMISSES the Complaint (ECF No. 1.)

IT IS SO ORDERED,

_____
Mary S. McElroy
United States District Judge

April 5, 2024